**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| HIPAALINE, LTD, | ) | Case No. 21-2837 |
| a Limited Company of England and Wales, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |

**NOTICE OF MOTION**

TO:   Attached Service List

      **PLEASE TAKE NOTICE THAT** on March 15, 2021, at 10:00 a.m., I shall appear before the Honorable Judge A. Benjamin Goldgar, or any other judge sitting in his stead, and request a hearing on the Foreign Representative's Motion for an Order Granting Recognition of Foreign Proceeding Pursuant to 11 U.S.C. § 1517, a copy of which is attached hereto and thereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must do the following:

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 500 0972 and the password is 726993. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motion in advance without a hearing.

**CERTIFICATE OF SERVICE**

      I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 8th day of March, 2021.

                                                                                      /s/ Gregory K. Stern
                                                                                          Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

**Served Through U.S. First Class Mail**

GMC Partners, LLC
c/o Trisha Michelle Rich
Holland and Knight, LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606

Emily Fisher:
c/o Martin B. Carroll
Fox, Swibel, Levin & Carroll, LLP
200 West Madison Street, Suite 3000
Chicago, IL 60606

Bayou Technologies
3010 Ryan Street
Lake Charles, LA 70601

Diana Cammack Follete
P.O. Box 12
Pahoa, HI 96778

Ghost Management
41 Discovery
Irvine, California 92618

Hub Spot Inc.
25 First Street, 2nd Floor
Cambridge, MA 02141

Joe Evans
824 North Bromley Avenue
Scanton, PA 18504

Nadir Pearson
893 Van Houten
Clifton, NJ 07013

Newdelz LLC
360 Central Avenue, Suite 800
St. Petersburg, Florida 33701

PGED Corp
2590 Walnut Street, Suite 46
Denver, Colorado 80205

Ryan Schefdore
12166 Sussex Street
Fort Myers, Florida 33913

Schneps Media LLC
P.O. Box 610257
Bayside, New York 11361

Semrush Inc
800 Boylston Street, Suite 2475
Boston, MA 02199

Sendgrid
375 Beale Street, 3rd Floor
San Francisco, CA 94105

Slack Technologies
500 Howard Street
San Francisco, California 94105

The Schadick Law Firm
2000 Auburn Drive, Suite 200
Beachwood, Ohio 44122

Twillo Send Grid
375 Beale Street, Suite 300
San Francisco, California 94105

Vonage
Nexmo, Inc.
P.O. Box 102237
Pasadena, California 91189-2237

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| HIPAALINE, LTD, | ) | Case No. 21-2837 |
| a Limited Company of England and Wales, | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| Debtor. | ) | |

**FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER GRANTING
RECOGNITION OF FOREIGN PROCEEDING PURSUANT TO 11 U.S.C. § 1517**

Pursuant to 11 U.S.C. §§ 105(a), 1517, 1520 and 1521 of Title 11 of the United States Bankruptcy Code, Nicholas Simmonds and Christopher Richard Newell, insolvency practitioners at Quantuma Advisory Limited (the "Foreign Representative"), in their capacity as the joint administrators in the administration proceedings (the "England & Wales Proceeding") of Hipaaline Ltd. (the "Debtor") in accordance with the requirements of Rule 3.25 of the Insolvency (England and Wales) Rules 2016 and paragraph 29 of Schedule B1 to the Insolvency Act 1986 (the "England and Wales Insolvency Act"), hereby moves for entry of a final order granting recognition of foreign main proceeding under Section 1517 of the Bankruptcy Code and for further relief under Sections 1520 and 1521 of the Bankruptcy Code.

In support of this Motion, the Foreign Representative incorporates by reference and relies upon the Declaration of Nicholas Simmonds Pursuant to 28 U.S.C. § 1746 in Support of the Chapter 15 Petition (the "Simmonds Declaration"), attached hereto as Exhibit A and made a part hereof, and further states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This case has been properly commenced pursuant to § 1504 of the Bankruptcy Code by the filing of a Petition for Recognition of the England & Wales Proceeding pursuant to §§ 1504 and 1515 of the

Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue in this district if proper under 28 U.S.C. § 1410(2). The Debtor does not have principal offices or any known assets in the United States, but there is pending litigation again the Debtor in the United States District Court, Northern District of Illinois, Eastern Division in the case more commonly known as *GCM Partners, LLC v. Hipaaline Ltd. and Emily Aria Fisher*, Case No. 20-cv-06401 (the "US Lawsuit"). Simmonds Decl. ¶¶ 6 & 9.

4. The Foreign Representative consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. On March 4, 2021, the Foreign Representative commenced this action by the filing of a Verified Petition for Recognition of a Foreign Proceeding (the "Verified Petition") in this Court. [Docket No. 1].

6. Additional detailed factual information relating to the Debtor, the Foreign Representative, the England & Wales Proceeding, and the commencement of this Chapter 15 case is set forth in the Simmonds Declaration.

7. The US Lawsuit and the contingent, unliquidated, disputed liability of the Debtor therein in addition to the associated litigation fees and costs were factors leading to the insolvency of the Debtor. The Plaintiff in the US Lawsuit has challenged the legitimacy of the England & Wales Proceeding and refused to stay the US Lawsuit as it relates to the Debtor.

8. Accordingly, the Foreign Representative is seeking entry of a final order that the England & Wales Proceeding is a recognized foreign main proceeding under the Bankruptcy Code and staying further action in the US Lawsuit.

**RELIEF REQUESTED**

9. Pursuant to §§ 105, 1517, 1520 and 1521 of the Bankruptcy Code, the Foreign Representative seeks entry of a Final Order, after notice and hearing (i) granting the Chapter 15 petition in this case and recognizing the England & Wales Proceeding as a foreign main proceeding pursuant to § 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the England & Wales Insolvency Act and the Notice Of Appointment Of An Administrator By The Directors Of A Company (the "Notice of Appointment") as defined in the Simmonds Declaration, (iii) applying relief under §§ 1520 and 1521 of the Bankruptcy Court and for such further relief as the Court deems just and proper.

**BASIS FOR RELIEF**

10. Chapter 15 of the Bankruptcy Code provides for the recognition of a foreign proceeding and allows a foreign representative of an insolvency proceeding outside of the United States to gain access to the United States court system. Once the foreign proceeding is recognized, §§ 1520 and 1521 extend that recognition to the property of the debtor within the territorial jurisdiction of the United States and further authorizes application of the automatic stay provisions of 11 U.S.C § 362 to the debtor and stays "the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent that they have not been stayed under section 1520(a)."

**I. The England & Wales Proceeding Is Entitled to Recognition as a Foreign Main Proceedings**

11. By this Motion, the Foreign Representative seeks, under §§ 1517 and 1520 of the Bankruptcy Code, recognition of the England & Wales Proceeding as a foreign main proceeding and recognition and enforcement of the Notice of Appointment. The England & Wales Proceeding is entitled to recognition as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code because, among other things:

a. the England & Wales Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code because the England & Wales Proceedings is in a jurisdiction where the Debtor maintains the center of its main interests;

b. the Foreign Representative is a "person" within the meaning of section 101(41) of the Bankruptcy Code and a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code;

c. the Verified Petition was filed in accordance with §§ 1504, 1509 and 1515 of the Bankruptcy Code; and,

d. the Verified Petition meets the requirements of §§ 1504 and 1515 of the Bankruptcy Code.

**A.    This Case Concerns a "Foreign Proceeding"**

12.    Section 101(23) of the Bankruptcy Code defines "foreign proceeding" as:

a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23)

The England & Wales Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code because it is a judicial proceeding before the High Court of Justice pursuant to Rule 3.25 of the Insolvency (England & Wales) Rules 2016 and paragraph 29 of Schedule B1 to the Insolvency Act 1986 ("England & Wales Insolvency Act"). *See In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 858 (Bankr. C.D. Cal. 2008) ("The Insolvency Act 1986 for England and Wales authorizes a company to enter into administration by filing a petition with the high court. After filing the case, the company may elect to enter into "administration," pursuant to which one or more administrators are appointed by the directors of the company, and not by the court, to reorganize or to liquidate the company. Under this procedure, there is no court order for the appointment of the administrators. In these cases, instead of such a court order, the debtors have each attached a notice of appointment . . . The court provisionally finds that these notices are

sufficient, pursuant to § 1515(b)(3), to show both the existence of the foreign proceedings and the appointment of the foreign representatives.")

13. The United States Bankruptcy Courts have routinely recognized England & Wales proceedings as "foreign proceedings" under section 101(23) of the Bankruptcy Code. *See, e.g.*, *In re Avanti Commc'ns Grp. PLC*, 582 B.R. 603 (Bankr. S.D.N.Y. 2018); *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850 (Bankr. C.D. Cal. 2008). Accordingly, the England & Wales Proceeding qualified as a foreign proceeding under section 101(23) of the Bankruptcy Code.

### B. This Case was Commenced by a Duly Authorized "Foreign Representative"

14. This Chapter 15 case was commenced by the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code, which defines a "foreign representative," in pertinent part, as:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceedings.

11 U.S.C. §101(24).

In this case, the Foreign Representative was appointed and authorized by the England and Wales Court to act as the Debtor's administrator and is authorized to file this Chapter 15 case on behalf of the Debtor. *See* Simmonds Decl. at ¶¶ 4 & 7.

15. Because the Foreign Representative was given authority over the Debtor's assets in the Notice of Appointment, the Foreign Representative qualified as a "foreign representative" of the Debtor. This Court is entitled to presume that the representative identified in the Notice of Appointment is a proper "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.

### C. This Case was Properly Commenced under Chapter 15

16. The Foreign Representative duly and properly commenced this Chapter 15 case, as

required by §§ 1504 and 1509 of the Bankruptcy Code, by filing the Verified Petition under section 1515(a) accompanied by all documents and information required by sections 1515(b) and (c). *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd,* 389 B.R. 325 (S.D.N.Y. 2008) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code."). Because the Foreign Representative has satisfied the requirements set forth in section 1515 of the Bankruptcy Code, he has properly commenced this Chapter 15 case.

### D. The England & Wales Proceeding Should be Recognized as a Foreign Main Proceeding

17. The England & Wales Proceeding should be recognized as a "foreign main proceeding," as defined in §§ 101(23) and 1502(4) of the Bankruptcy Code. A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). Section 1516 of the Bankruptcy Code established a rebuttable presumption that the debtor's center of main interest ("COMI"). *See* 11 U.S.C. § 1516. When considering a debtor's COMI, courts may consider the analogous concept of an entity's "principal place of business" or "nerve center." *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 n.10 (2d Cir. 2013). As such, courts will look to the following non-exclusive factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets to determine the foreign debtor's COMI. *Id.* at 130.

18. Although § 1516(c) of the Bankruptcy Code creates a presumption that a debtor's registered offices are the debtor's COMI, that presumption may be rebutted by evidence to the contrary. 11 U.S.C. § 1516(c). "Center of main interests" is not merely synonymous with "principal place of business"; rather, other factors, such as the location of the debtor's decision-

makers and the majority of its creditors, are also relevant. *Id.* at 137. When a debtor is in liquidation, the location of those liquidation activities and administrative functions should be considered as factors in determining the debtor's COMI. *Id*.

19. England & Wales is the center of the Debtor's main interests. Prior to the commencement of the England & Wales Proceeding, the Debtor operated its business remotely from England & Wales and the Debtor's assets are being administered in England & Wales through the England & Wales Proceeding. Simmonds Decl. at ¶¶ 6 & 8.

20. In addition, recognizing the England & Wales Proceeding as a foreign main proceeding would not be manifestly contrary to the public policy of the United States. Rather, granting such recognition is entirely consistent with the United States policy of respecting foreign proceedings as codified in Chapter 15 of the Bankruptcy Code. Proceedings under the England & Wales Insolvency Act are similar to cases under the Bankruptcy Code. The Foreign Representative, as an administrator appointed in the England & Wales Proceeding, is identifying and marshalling the Debtor's remaining assets. The England & Wales Insolvency Act also provides for a centralized process to assert and resolve claims against a debtor's estate, by the representatives of a debtor's estate, in order to maximize distributions to creditors. Simmonds Decl. at ¶ 7.

21. Based on the foregoing, the Foreign Representative submits that the conditions for mandatory recognition of the England & Wales Proceeding as a foreign main proceeding have been met.

**II. The Foreign Representative is Entitled to an Order Granting Recognition**

22. As evidenced above, the England & Wales Proceeding is a "foreign main proceeding" within the meaning of § 1502 of the Bankruptcy Code, the Foreign Representative applying for recognition is a "foreign representative" within the meaning of § 101(24) of the Bankruptcy Code,

and the Verified Petition meets the requirements of § 1515 of the Bankruptcy Code. Section 1517(a) of the Bankruptcy Code provides, in pertinent part, that "[s]ubject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if—(1) such foreign proceeding for which recognition is sough is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petitions meeting the requirements of section 1515." 11 U.S.C. §1517(a). The Foreign Representative submits that recognizing the England & Wales Proceeding as a foreign main proceeding is consistent with the purpose of Chapter 15 and United States public policy. Accordingly, the Foreign Representative submits that the Court should enter an order recognizing the England & Wales Proceeding as a "foreign main proceeding" under the Bankruptcy Code.

### III. Additional Relief Under Section 1521 Is Warranted and Appropriate

23. In addition to the relief automatically provided by § 1520 of the Bankruptcy Code upon recognition of a foreign main proceeding, the Foreign Representative also seeks additional relief under § 1521 of the Bankruptcy Code to stay the continuation of the US Lawsuit.

24. The Plaintiff in the US Lawsuit has challenged the legitimacy of the England & Wales Proceeding and refused to stay the US Lawsuit as it relates to the Debtor. *See* Simmonds Decl. ¶ 10.

25. The Debtor seeks relief under § 1521(a)(1) to stay "the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent that they have not been stayed under section 1520(a)" and relief under § 1521 is warranted and appropriate.

### NOTICE

26. The Foreign Representative will provide notice of this Motion consistent with Local Rule 9013-1(D) of United States Bankruptcy Court for the Northern District of Illinois. Notice of this Motion has been provided to (i) all persons or bodies authorized to administer

foreign proceedings of the Debtor; (ii) the Office of the United States Trustee for the Northern District of Illinois; and (iii) parties in interest in this Chapter 15 proceeding, specifically GMC Partners, LLC and the United States creditors.

## CONCLUSION

27. Accordingly, the Foreign Representative seeks, and submits that good cause exists for this Court's recognition of the England & Wales Proceeding as a foreign main proceeding and a grant of relief under §§ 1520 and 1521 of the Bankruptcy Code.

WHEREFORE the Foreign Representative requests that the Court enter an order as follows:

1. The relief requested by the Verified Petition and the Motion is granted as set forth herein.

2. The England & Wales Proceedings, as defined in the Motion, identified before the High Court of Justice as Case No. CR 2021-00347, is granted recognition as a foreign main proceeding under Section 1517 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. The joint administrators appointed (the "Notice of Appointment") pursuant to and in accordance with the requirements of Rule 3.25 of the Insolvency (England and Wales) Rules 2016 and paragraph 29 of Schedule B1 to the Insolvency Act 1986 (the "England and Wales Insolvency Act"), including any extensions, amendments, or modification thereto, are hereby enforced on a final basis and given full force and effect in the United States.

4. All relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the England & Wales Proceeding, the Debtor, and the Foreign Representative as applicable.

5. Section 1521(a)(1) of the Bankruptcy Code shall apply in this case with respect to the Debtor and the continuation of pending litigation against the Debtor in the United States District Court for the Northern District of Illinois in the case more commonly known as GCM Partners, LLC v. Hipaaline Ltd. and Emily Aria Fisher, Case No. 20-cv-06401 (the "US Lawsuit") is hereby stayed.

6. Subject to §§ 1520 and 1521 of the Bankruptcy Code, the England & Wales Proceedings and the Notice of Appointment shall be granted comity and given fully force and effect in the United States to the same extent that they are given effect in England & Wales, and each is binding on all creditors of the Debtor and any of its successors and assigns.

7. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

8. Notwithstanding the applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Foreign Representative, the Debtor and its respective authorized agents are authorized and empowered to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion; and,

10. For such other and further relief as the Court deems just and proper.

/s/ Gregory K. Stern
Gregory K. Stern, Attorney for Foreign Representative

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558